EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                |                  |
|-----------------------|------------------|
|                       | 2016 TSPR 99     |
| José E. Toro López    | 195 DPR ____     |

Número del Caso: TS-7396

Fecha: 28 de abril de 2016

Programa de Educación Jurídica Continua:

    Lcda. Geisa Marrero Martínez
    Directora Ejecutiva

Materia: La suspensión será efectiva el 17 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| *In re:* | **Núm.** <u>TS-7396</u> | |
|---|---|---|
| José E. Toro López | | |

*PER CURIAM*

San Juan, Puerto Rico, a 28 de abril de 2016

En esta ocasión, nos corresponde ordenar la suspensión indefinida de la práctica de la abogacía de un miembro de la profesión legal por incumplir con los requerimientos del Programa de Educación Jurídica Continua.

**I**

El Lcdo. José E. Toro López fue admitido al ejercicio de la abogacía el 18 de noviembre de 1981 y al ejercicio de la notaría el 1 de febrero de 1982. El 21 de enero de 2015, la Hon. Geisa M. Marrero Martínez, quien entonces fungía como Directora Ejecutiva del Programa de Educación Jurídica Continua (PEJC), presentó ante este Tribunal un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En éste, detalló los pormenores relacionados con las gestiones realizadas para asegurar el cumplimiento del licenciado Toro López con los cursos de educación jurídica para los periodos del 1 de mayo de 2007

al 30 de abril de 2009 y del 1 de mayo de 2009 al 30 de abril de 2011.

Específicamente, en el Informe se relató que, tanto en el 2009 como en el 2011, el PEJC había enviado al licenciado Toro López los avisos de incumplimiento correspondientes a ambos periodos de incumplimiento. Mediante éstos, se le apercibió al licenciado de las posibles consecuencias de su incumplimiento y, entre otras cosas, se le concedió un término de sesenta (60) días para tomar los cursos adeudados. Asimismo, se le indicó que debía efectuar el pago por incumplimiento tardío para ambos periodos.

Transcurrido un término razonable para cumplir con los requisitos reglamentarios del PEJC, el 5 de abril de 2011, se le envió al licenciado Toro López una citación para una vista informal a celebrarse el 28 de abril de 2011. El licenciado compareció a la vista por vía telefónica. Celebrada la vista, el PEJC le concedió al licenciado un término improrrogable de veinte (20) días para cumplir con los requisitos para el periodo de 2007 a 2009. Posteriormente, y en aras de concederle otra oportunidad al licenciado Toro López, el PEJC le otorgó un término adicional de treinta (30) días. El licenciado Toro López incumplió y no efectuó el pago por cumplimiento tardío.

Así las cosas, el licenciado Toro López fue citado para una segunda vista informal con relación al periodo de

incumplimiento de 2009 a 2011. A ésta, el licenciado compareció por vía telefónica nuevamente. Como resultado de la vista, el PEJC le concedió un término de treinta (30) días para subsanar las deficiencias del periodo en cuestión. Se le advirtió, además, que el incumplimiento con tal prórroga conllevaría que su caso fuese presentado ante la Junta de Educación Jurídica Continua (Junta).

En atención al reiterado incumplimiento del licenciado Toro López con los términos que le fueron provistos, el PEJC refirió el caso a la Junta. Realizados los trámites correspondientes, la Junta encomendó a la Directora del PEJC presentar el Informe que nos ocupa.

Evaluado el Informe, el 31 de marzo de 2015, emitimos una Resolución mediante la cual le concedimos al licenciado un término de veinte (20) días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión por razón de su incumplimiento con los requisitos de educación jurídica continua. El 1 de mayo de 2015, el licenciado Toro López compareció mediante *Moción informativa y solicitud de término adicional*. En ésta, nos informó que se encontraba realizando diligencias destinadas a obtener el dinero necesario para poder costear los cursos que adeudaba. Por tanto, solicitó un término adicional de sesenta (60) días, el cual le concedimos mediante resolución el 12 de mayo de 2015.

Transcurridos los sesenta días, el 18 de noviembre de 2015, emitimos una resolución mediante la cual concedimos al licenciado Toro López un término final e improrrogable de quince (15) días para que compareciera y mostrara causa por la cual no debía ser suspendido de la profesión. Se le advirtió, además, que el incumplimiento con esa orden podría conllevar sanciones disciplinarias severas, incluyendo la suspensión.

El 22 de diciembre de 2015, el licenciado Toro López compareció mediante un escrito titulado *Moción informativa y solicitando que no se me suspenda del ejercicio de mi profesión de abogado*. En esencia, sostuvo que no había generado suficientes ingresos mediante la práctica de la abogacía para pagar los cursos de educación jurídica continua y que atravesaba una serie de situaciones personales que le impedían cumplir con los requerimientos del PEJC. Por tanto, solicitó a este Tribunal que le permitiera continuar ejerciendo la profesión de la abogacía, a pesar de su incumplimiento.

## II

Los requerimientos establecidos en el Reglamento de Educación Jurídica Continua, *supra*, responden al deber ineludible de todo abogado y abogada del País de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional . . .". Canon 2 del Código de Ética Profesional, 4 L.P.R.A. Ap. XVII-E.

Para garantizar el cumplimiento con ese deber ético-profesional, este Tribunal adoptó el Reglamento de Educación Jurídica Continua, *supra*, el cual, salvo contadas excepciones, exige a todos los miembros activos admitidos a la profesión legal la aprobación de 24 horas crédito en cursos de educación jurídica. Además, el Reglamento contiene los procedimientos para certificar el cumplimiento con las horas crédito y revisar los avisos de incumplimiento.

**III**

El licenciado Toro López ha incurrido en conducta altamente reprensible al incumplir con los requisitos del Programa de Educación Jurídica Continua. Como se desprende de los hechos reseñados, el licenciado Toro López incumplió con lo dispuesto en el Reglamento de Educación Jurídica Continua, luego de que se le concedieran múltiples oportunidades para tomar los cursos adeudados. Al día de hoy, ha transcurrido un término más que razonable para cumplir con los periodos de 2007 a 2009 y de 2009 a 2011.[1] Estimamos que su conducta refleja dejadez, desatención y falta de diligencia, cualidades incompatibles con la práctica de la profesión legal.

Así, evaluada la moción presentada por el licenciado Toro López solicitando que no lo suspendamos del ejercicio de la profesión, se declara la misma *no ha lugar*.

---

[1] Cabe destacar que el licenciado Toro López tampoco ha cumplido con los requisitos correspondientes al periodo de 2011 a 2013.

Circunstancias imprevistas de índole personal no eximen a un abogado de cumplir con sus deberes profesionales. Máxime cuando la situación extraordinaria a la que alude el licenciado en su moción es relativamente reciente, mientras que sus periodos de incumplimiento se remontan al año 2007.

Por los fundamentos que anteceden, se ordena la suspensión inmediata e indefinida del licenciado Toro López del ejercicio de la abogacía y de la notaría. En caso de que el licenciado Toro López esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión.

De otra parte, se le ordena al Alguacil de este Tribunal incautar de manera inmediata la obra y el sello notarial del licenciado Toro López para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

José E. Toro López

**Núm.** TS-7396

SENTENCIA

San Juan, Puerto Rico 28 de abril de 2016

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida del Lcdo. José E. Toro López del ejercicio de la abogacía y de la notaría. En caso de que el licenciado Toro López esté representando a clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolverle los honorarios por trabajos no realizados e informar oportunamente de su suspensión a cualquier foro judicial y administrativo en el que tenga un caso pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de la presente opinión.

De otra parte, se le ordena al Alguacil de este Tribunal incautar de manera inmediata la obra y el sello notarial del licenciado Toro López para el trámite correspondiente por el Director de la Oficina de Inspección de Notarías.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo